178

Argued and submitted July 24, 1992, affirmed February 17, 1993

# John C. CARLSON,
*Petitioner,*

*v.*

# REAL ESTATE AGENCY,
*Respondent.*

(CA A71737)

846 P2d 1168

Darrell E. Bewley, Salem, filed the brief and waived oral argument for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles

S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Petitioner challenges an order of the Real Estate Agency suspending his real estate broker's license because of violations of ORS 696.301(1) and ORS 696.301(11). We affirm.

These facts are undisputed. Petitioner separately contracted with ten motel owners regarding a scheme to reduce their property taxes. The contracts provided that he was to produce appraisals and file appeals of the property valuations in an effort to get the property values reduced. The owners each paid him a $100 fee and agreed to give him 50% of any refunds in tax payments that resulted from his efforts. He agreed to pursue appeals to the County Board of Equalization and the Department of Revenue. He also agreed to pay all attorney fees and expenses for those appeals.

Petitioner performed the appraisals and filed the appeals to the Board of Equalization. The Board reduced the values of several of the properties. Petitioner then filed appeals to the Department of Revenue in an effort to obtain greater reductions. The county filed its own appeal, contending that the improvement values should be increased, resulting in a value identical to that which had been on the tax rolls. The Department further reduced the property values. The county appealed to the Tax Court. The Tax Court increased the values, and, as a result of its decision, the values of the properties were not significantly reduced from their original values.

The unhappy motel owners complained to the Real Estate Board about petitioner's conduct. The owners also claimed that petitioner had agreed to pay attorney fees for all levels of the appeal, including their defense in Tax Court. Petitioner denied that he had made that promise, and testified against the owners when their attorney brought claims against them for payment of fees.

As a result of the complaints, an investigator requested documents from petitioner. Nine months and numerous letters later, he had not produced the documents. Following a hearing, petitioner's license was suspended for three years.

The Commissioner concluded that petitioner had violated ORS 696.301(1)[1] by

> "entering into a contract to pursue an appeal of land assessments up to the Department of Revenue in which he agreed to pay costs including attorney's fees and thereafter, by representing to various motel owners that they did not need to worry about the attorney's letters regarding fees for work done at the Tax Court level and that he would take care of it; by failing at the time of commencement of the Tax Court appeal, to distinguish activity which was covered under his contract from activity not covered under his contract with the motel owners and for which he would, therefore, not pay; and by his subsequent offer to include the Tax Court activity under the contract, he engaged in a continuing course of conduct which misrepresented the true nature of his intentions which was to not pay the attorney fees for the work done on the appeal to the Tax Court."

■   First, petitioner argues that there was not substantial evidence that he ever agreed to pay the attorney fees for the Tax Court appeal. The motel owners testified that he had made that agreement. That testimony provides substantial evidence supporting the Commissioner's findings.

■   Next, petitioner argues that the charges based on ORS 696.301(1) in the "Notice of Intent to Revoke" sent to him by the Commissioner did not include the charge that he had engaged in "a continuing course of conduct which misrepresented the true nature of his intentions which was to not pay the attorney fees for the work done on the appeal to the Tax Court." He contends that his license cannot be suspended on that basis because he never had notice that he would have to meet that charge.

---

[1] ORS 696.301 provides, in relevant part:

"The commissioner may suspend or revoke the real estate license of any real estate licensee or reprimand any licensee, or may deny the issuance or renewal of a license to an applicant who has done any of the following:

"(1) Knowingly or negligently pursued a continued course of material misrepresentation in matters related to professional real estate activity, whether or not damage or injury resulted, or knowingly or negligently made any material misrepresentation or false promise in a matter related to professional real estate activity, if the material misrepresentation or material false promise created a reasonable probability of damage or injury, whether or not damage or injury actually resulted."

The notice read, in part:

"John C. Carlson violated ORS 696.301(1) by reason, either separately or cumulatively, of the following facts:

"(a)  By telling the property owners of the Lincoln City properties that he could effect a reduction in their property taxes, he made a false promise in a matter related to professional real estate activity;

"(b)  *By representing to the property owners that he would be responsible for all costs of appraisers, surveys, attorneys and any other experts and then failing to be responsible for these costs,* he made a false promise in a matter related to professional real estate activity;

"(c)  *By telling the property owners to ignore the attorney billings, that he would take care of billings, and then later denying in court that he made such statements, he has knowingly or negligently pursued a continued course of material misrepresentation.*" (Emphasis supplied.)

The notice apprised petitioner that he faced charges relating to the dispute over attorney fees. Both paragraphs (b) and (c) specifically told him that he would have to meet charges relating to his representations to the motel owners and their continuing belief that he was paying the fees. We conclude that the notice informed him of the charge. *Stanfill v. Real Estate Division*, 35 Or App 549, 581 P2d 980, *rev den* 285 Or 73 (1979).

■      Finally, petitioner argues that there was not substantial evidence that he refused to produce copies of the documents requested by the Commissioner's authorized investigator, in violation of ORS 696.301(11). ORS 696.301(11) authorizes suspension or revocation of a license when a licensee has

"*[f]ailed or refused* upon demand to produce or to supply true copies of any document, book or record in the licensee's possession or control * * * for inspection by the Real Estate Commissioner or the commissioner's authorized representative." (Emphasis supplied.)

Even if petitioner is correct that the evidence does not support the finding that he refused to produce the documents, he does not challenge the Commissioner's finding that he did not produce them. That finding supports the suspension of his license under ORS 696.301(11).

Affirmed.